UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

RECEIVED

NOV 5 2010

Clerk, U.S. District and
Bankruptcy Courts

| | | |
|---|---|---|
| JEREMY PINSON, | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| V. | ) | CASE NO. <u>10-1844-EGS</u> |
| | ) | |
| HARLEY LAPPIN, | ) | |
| UNITED STATES OF AMERICA, | ) | **FIRST AMENDED COMPLAINT** |
| DEFENDANTS | ) | |

**NATURE OF THE CASE**

1. This is a suit brought under the Freedom of Information Act (5 U.S.C. § 552) to compel disclosure to the Plaintiff the names of those employees of the Federal Bureau of Prisons employed at the D.S.C.C. (Designation and Sentence Computation Center), and for a declaratory judgement against Harley Lappin declaring that the names of the employees of the Federal Bureau of Prisons is information disclosable to the Plaintiff under the Act.

**PARTIES**

2. Plaintiff, is an inmate confined at the Federal Correctional Institution in Talladega, Ala.

3. Defendant Harley Lappin is made a defendant in his official capacity.

4. Defendant UNITED STATES is made a party to this action pursuant to the provision of 5 U.S.C. § 702.

**JURISDICTION AND VENUE**

5. This court has subject matter jurisdiction of this action under the Freedom of Information Act, and particularly 5 U.S.C. § 552(a)(4)(B).

6. In addition, because the claim arises by virtue of the Act, it arises under the laws of the United States and the court has jurisdiction

pursuant to 28 U.S.C. § 1331.

7. Venue is proper in the District of Columbia pursuant to 5 U.S.C. § 552(a)(4)(B) because certain documents containing the information sought by Plaintiff under the Act are located within this district.

**CLAIM FOR RELIEF**

8. On or about June 2010 Plaintiff made a written request pursuant to the Act on Harley Lappin as Director for the Federal Bureau of Prisons ("BOP" hereinafter) for the names of each and every employee of the Designation and Sentence Computation Center.

9. On or about September 6, 2010 the agency denied the request in it's entirety citing 5 U.S.C. § 552(b)(6) and assigned the Request No. 10-9755

10. On September 9, 2010 Plaintiff appealed the denial to the Office of Information Policy for the U.S. Department of Justice which assigned Appeal No. 10-2959.

11. On September 29, 2010 the Office of Information Policy affirmed the action of the Federal Bureau of Prisons.

12. Plaintiff has been aggrieved and damaged by the action or inaction of the defendants in acting or failing to act in their official capacity by refusing Plaintiff's request for disclosure of information under the Act.

13. Plaintiff has exhausted his administrative remedies to compel the disclosure of such information.

14. The information sought by Plaintiff in his request is not exempt from disclosure under the Act and is not exempt under the grounds cited by the defendants because this information is not a clearly unwarranted invasion of the personal privacy of third parties and the agency has previously released such information as the Plaintiff seeks.

15. The information sought by the Plaintiff cannot be compiled independantly by the Plaintiff and unless the court grants the relief requested and compels disclosure, the plaintiff has no remedy at law or otherwise.

16. Under the Freedom of Information Act the Plaintiff is entitled to:

a. An injunctive order compelling the defendants to disclose the information sought by plaintiff's request; and

b. A declaratory judgement against the defendant declaring that such similar information is disclosable under the Freedom of Information Act and not exempt on the grounds claimed by defendants in response to the Plaintiffs request.

17. Plaintiff further seeks judgement against defendants for his costs of litigation, which it has and will reasonably incur in this case.

**PRAYER**

Plaintiff prays that:

A. The defendants be enjoined to disclose the names of each and every employee of the Federal Bureau of Prisons employed at the Designation and Sentence Computation Center;

B. The Court render a declaratory judgement against the defendants declaring that the names of each and every employee of the agency is nonexempt and subject to disclosure upon a written request under the Act.

C. The court award judgement against the defendants for the plaintiff's costs of litigation reasonable incurred by the Plaintiff in this case;

D. The court grant plaintiff all other and further relief to which the Plaintiff may be justly entitled.

Executed this 5th day of November 2010.

_____
Jeremy Pinson #16267-064
Federal Correctional Institution
PO Box 1000
Talladega, AL, 35160
Plaintiff - PRO SE

-3-